GOODE<br>v.<br>BUFORD.

---

## CHARLES SIMPSON v. FRANCIS LOMBAS et al.

When the name of the State in which plaintiff is domiciled is alone set forth in the petition—*Held:* that it is a sufficient compliance with Art. 172 of the Code of Practice.

The authority of an attorney-at-law is presumed, and an affidavit to obtain an order of seizure and sale, made by him in the absence of his principal, is sufficient.

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J. *Beatty & Bush*, for plaintiff. *Thibodaux & Blake*, for defendants and appellants.

LAND, J. This is an appeal from an order of seizure and sale taken by the third possessors of the mortgaged property.

In their petition of appeal the defendants allege three grounds of error. Two, however, are only assigned and urged in this court as apparent on the face of the record, to wit:

First. That the domicil of *Simpson*, or his agent, is not fully set forth in his petition.

Second. That there is no authentic evidence of the power of *G. F. Thompson* to act as agent of his pretended principal, *C. Simpson.*

I. The domicil of the plaintiff, *Charles Simpson,* is stated in the petition to be in the State of Missouri, and this allegation of residence is a compliance with Article 172 of the Code of Practice. *Perry* v. *Believre,* 5 N. S. 79.

This suit was not instituted by an attorney-in-fact for the plaintiff, but by attorneys-at-law, whose residence it was unnecessary to allege in the petition.

The first assignment of error is, therefore, groundless.

II. The second assignment of error is equally untenable. As before stated, the agent or attorney-in-fact did not institute this suit on behalf of the plaintiff.

The suit was commenced, and has been prosecuted by, *Messrs. Beatty & Bush,* attorneys at law of the plaintiff, and authentic evidence of their authority is not required. Their authority to act is a presumption of law. *Rowlett* v. *Shepherd,* 7 N. S. 514.

*Louis Bush, Esq.,* one of plaintiff's attorneys-at-law, made the affidavit required by Article 3365 of the Civil Code, to which was superadded the oath of *J. F. Thompson,* the agent of plaintiff. The affidavit of the attorney-at-law was sufficient, and the superaddition of the oath of the agent was, of course, unnecessary. Phillips' Revised Statutes, p. 92, sec. 11.

It is, therefore, ordered, adjudged and decreed, that the order of seizure and sale of the lower court be affirmed, with costs.